# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| B & D LAND AND LIVESTOCK CO., an Iowa corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ED SCHAFER, Secretary, United States Department of Agriculture,<br><br>    Defendant. | No. C 07-3070-MWB<br><br>**ORDER** |

_____

This matter comes before the court pursuant to the plaintiff's April 8, 2009, Application For Costs, Attorney Fees And Expenses, And Other Fees And Expenses (docket no. 43). The plaintiff seeks fees and expenses pursuant to the Equal Access To Justice Act (EAJA), 28 U.S.C. § 2412, after a favorable disposition of its third action for judicial review in an opinion and judgment handed down November 5, 2008. *See B & D Land and Livestock Co. v. Schafer*, 584 F. Supp. 2d 1182 (N.D. Iowa 2008). Somewhat more specifically, the plaintiff claims $57,768.59 in attorney fees (for some hours at $175 per hour and some hours at $185 per hour); $683.00 in costs; $3,414.17 in attorney's expenses; and $13,380.43 in other fees and costs, for work from November 2000 through April 2009 on the series of administrative and judicial review proceedings leading at last to a final favorable outcome in the third action for judicial review. In support of its fee claim, the plaintiff represents that the judgment is now final, that it is a prevailing party,

and that the government's position was not substantially justified.[1] The defendant filed a Response (docket no. 44) on April 22, 2009, disputing any award of fees and expenses on the grounds that the government's position was "substantially justified" and that "special circumstances" make an award of fees unjust, and disputing the fee claim as claiming unwarranted hours, particularly for hours spent on a motion for preliminary injunction, and excessive hourly rates, particularly for time expended in administrative proceedings, which the government contends is subject to a cap of $125 per hour pursuant to an applicable regulation. The plaintiff filed a Reply (docket no. 45) on April 23, 2009.

As the Eighth Circuit Court of Appeals has explained,

> EAJA allows most parties who prevail against the United States in civil litigation to recover costs. *See* 28 U.S.C. § 2412(a) (1994). EAJA also allows those parties to recover attorney fees and some litigation expenses if the Government fails to prove that its position in the litigation "was substantially justified or that special circumstances make an award unjust." *Id.* § 2412(d)(1)(A); *see also Friends of the Boundary Waters Wilderness v. Thomas,* 53 F.3d 881, 885 (8th Cir. 1995) (stating the Government bears the burden of proving its position was substantially justified).

*Herman v. Schwent*, 177 F.3d 1063, 1065 (8th Cir. 1999). More specifically, the statute states the following:

> *Except as otherwise provided by statute,* a court *shall* award to a prevailing party other than the United States fees

---

[1] By Order (docket no. 36) dated January 16, 2009, the court denied as premature an earlier application for fees and expenses, because the time for the government's appeal had not yet run at the time that the plaintiff filed its application and an appeal had since been filed. However, the government's motion to dismiss its appeal was granted on April 3, 2009, so that there is now no dispute that the November 5, 2008, judgment in this court is final.

> and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, *unless* the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added); *see also Yarbrough v. Cuomo,* 209 F.3d 700, 703 (8th Cir. 2000) ("The EAJA directs courts to award fees and other expenses to prevailing parties unless the United States' position was substantially justified or special circumstances would make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A).").

The Eighth Circuit Court of Appeals has had little occasion to elaborate on what constitutes "special circumstances" that might make a fee award unwarranted, *see Koss v. Sullivan,* 982 F.2d 1226, 1229 (8th Cir. 1993) (looking to see whether special circumstances make an award unjust, and finding none, but stating "the denial of fees to counsel whose efforts brought about the Secretary's change of position is unjust"), but it has specifically addressed, many times, when the government's position is "substantially justified," *see, e.g., Lauer v. Barnhart,* 321 F.3d 762, 764-65 (8th Cir. 2003) (holding the Commissioner's position was not substantially justified). As the Eighth Circuit Court of Appeals has explained,

> A position enjoys substantial justification if it has a clearly reasonable basis in law and fact. Accordingly, the [government] can advance a losing position in the district court and still avoid the imposition of a fee award as long as the [government's] position had a reasonable basis in law and fact. Further, a loss on the merits by the [government] does not give rise to a presumption that [it] lacked substantial justification for [its] position. The [government] does, however, at all times bear the burden to prove substantial justification.

*Goad v. Barnhart,* 398 F.3d 1021, 1025 (8th Cir. 2005) (citations omitted); *see Lauer,* 321 F.3d at 765 (recognizing "the overriding, fundamental principal that the government's position must be well founded in fact to be substantially justified"); *Sawyers v. Shalala,* 990 F.2d 1033, 1034 (8th Cir. 1993) ("To be substantially justified, the [government] must show that [its] position was 'justified to a degree that could satisfy a reasonable person.'" (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988))).

Although the mere fact that the government lost in this court does not give rise to a presumption that its position was *not* substantially justified, *Goad*, 398 F.3d at 1025, the court has little trouble concluding that the government has failed to carry its burden to prove that its position in this case was "substantially justified," even in light of the government's attempts to relitigate the merits of its various actions in resistance to the plaintiff's fee claim. As to the government's actions at issue in the final judicial review, there was absolutely no reasonable basis in law or fact for the government's conflation of the separate "hydrophytic vegetation" and "wetland hydrology" requirements for a "wetland," and improperly placing the burden on B & D to demonstrate why wetlands were not present based on criteria not identified in the statute or regulations as determinative of a wetland, *see B & D*, 584 F. Supp. 2d at 1199; no reasonable basis in law or fact for disregarding pertinent "saturation" evidence, *see id*. at 1199-1200; and no reasonable basis in law or fact for the government's disregard of evidence that wetland hydrology had been removed, in light of evidence of a pre-existing drainage tile system and disturbances of any wetland characteristics by an adjacent county road and ditch, *see id*. at 1200-02. The government's present assertion that the lack of wetland hydrology that this court found was demonstrated by nine soil samples by Mr. Gertsma in 2005, as opposed to the single soil sample by Mr. Moore in 1998, is attributable to the plaintiff's

"conversion" of the wetland simply holds no water in light of the evidence of removal or disturbance of wetland hydrology by the tile system and the adjacent county road and ditch long before 2005.[2] In short, the government's position in this case—and, indeed, in each of the prior incarnations of this case—was not "substantially justified," so that a fee award is appropriate.[3]

---

[2] Although the government's dismissal of its appeal may not be an admission that its position was not substantially justified, and the court has not relied on dismissal of the appeal in rejecting the government's argument that its position was substantially justified, it is interesting to note that, after years of litigating this case through three separate judicial reviews, the government did not pursue an appeal.

[3] The court finds it unnecessary to detail the lack of substantial justification for the government's position in each of the prior judicial review actions. Suffice it to say that the government did not merely lose in each of these actions, but asserted positions that the court now finds (as it intimated at the time) lacked any reasonable basis in law or fact. *See B & D Land and Livestock Co. v. Veneman*, 231 F. Supp. 2d 895, 914 (N.D. Iowa 2002) (*B & D I*) (enjoining enforcement action by the USDA pending outcome of the first action for judicial review, which led the government to seek a remand for further agency action); *B & D Land and Livestock Co. v. Veneman*, 332 F. Supp. 2d 1200 (N.D. Iowa 2004) (*B & D II*) (finding and declaring "that the 1999 wetland determination was subject to 'appeal' in the administrative proceedings concerning B & D's purported wetland 'conversion' violation, and the agency's final determination to the contrary was arbitrary and capricious, an abuse of discretion, and contrary to law"); *B & D Land and Livestock Co. v. Conner*, 534 F. Supp. 2d 891, 907-08 (N.D. Iowa 2008) (*B & D III*) (granting preliminary injunction on enforcement actions by the USDA in the third judicial review action); *B & D Land and Livestock Co. v. Schafer*, 584 F. Supp. 2d 1182 (N.D. Iowa 2008) (*B & D IV*) (vacating in its entirety the Hearing Officer's "final" determination as to t1653 and remanding the case for agency action in conformity with the court's judgment that the record does not support determinations that "wetlands" exist on Site 1 and Site 3 of t1653). At each stage of the proceedings, the government sought to uphold its prior "wetlands" determination, without regard to any evidence or law to the contrary, suggesting an entrenched bureaucracy's refusal to admit error, not an interest in proper application of the law.

The government contends that a fee award should nevertheless be denied because of "special circumstances," in that the plaintiff did not act in good faith, because NRCS pursued its case against the plaintiff after the plaintiff admitted that it converted land that it knew had been certified as a "wetland," it had been told by NRCS that it could not remove the brush, trees, and shrubs on such "wetland," and after it dropped its administrative appeal of the "wetland" determination. On the other hand, the government contends that it followed its statutory and regulatory duties to pursue those who convert wetlands, and properly relied on its "wetland" determination and the plaintiff's dismissal of his administrative appeal of that determination. The government argues, further, that this court's finding that the plaintiff could still challenge the "wetland" determination in these proceedings, after dismissing an administrative appeal, is not uncontradicted. This is another attempt by the government to relitigate the merits of the parties' dispute, but the government's argument is no more convincing as a "special circumstances" argument than it was in the second judicial review action, when the court rejected it as contrary to the plain meaning of the statute permitting review of "wetlands" determinations when sought by a person affected by the wetland determination, *i.e.*, by a person charged with "converting" a wetland. *See B & D Land and Livestock Co. v. Veneman*, 332 F. Supp. 2d 1200 (N.D. Iowa 2004) (*B & D II*) (finding and declaring "that the 1999 wetland determination was subject to 'appeal' in the administrative proceedings concerning B & D's purported wetland 'conversion' violation, and the agency's final determination to the contrary was arbitrary and capricious, an abuse of discretion, and contrary to law"). Thus, there are no "special circumstances" warranting denial of a fee award.

If a fee award is appropriate, as it is here, the reasonable hourly rate for such attorney fees are established by statute:

> [A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii); *see Stockton v. Shalala,* 36 F.3d 49, 50 (8th Cir. 1994) (quoting the statute, which then provided for a maximum hourly rate of $75). Section 2412 also provides that "[f]ees and other expenses awarded under [subsection (d)] to a party shall be paid by any agency which the party prevails from any funds made available to the agency by appropriation or otherwise." 28 U.S.C. § 2412(d)(4).

The plaintiff seeks attorney fees at the rate of $175 per hour for some hours and $185 per hour for other hours, including $175 per hour for hours in administrative proceedings, well above the specified statutory rate of $125 per hour, asserting that the consumer price index for 1996 through 2008 suggests that the fee cap based on increased cost of living would now be $177.07 per hour, and that an enhanced award is appropriate because of plaintiff's counsel's expertise in the area of wetlands law and the lack of other lawyers in this district with the distinct knowledge that this litigation has required. The government counters that the cap for the hourly rate for attorneys in administrative proceedings is $125 per hour pursuant to 7 C.F.R. § 1.186, and disputes the sufficiency of counsel's proof of a change in the cost of living or the appropriateness of basing enhanced fees on his supposed expertise for hours expended in judicial proceedings. Thus, the government contends that plaintiff's counsel should be awarded no more than $125 per hour. In reply, the plaintiff argues that the cap on hourly fees in administrative proceedings in 7 C.F.R. § 1.186 is irrelevant to an award of fees, including fees for hours spent in administrative proceedings, pursuant to 28 U.S.C. § 2412.

As the plaintiff points out, an EAJA fee award may include fees for work done at the administrative level that is so intimately connected with judicial proceedings as to be considered part of the "civil action" for purposes of a fee award. *See, e.g., Melkonyan v. Sullivan*, 501 U.S. 89, 96-97 (1991); *Sullivan v. Hudson*, 490 U.S. 877, 892 (1989). The government's contention is not that the time claimed for work before the agency lacks the necessary connection to the judicial proceedings, but that the hourly rate for time before the agency is capped by 7 C.F.R. § 1.186. The government cites no authority, however, that the cited regulation "trumps" the hourly fee provisions of the EAJA itself. Thus, the question is whether "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee," that is, higher than $125 per hour. 28 U.S.C. § 2412(d)(2)(A)(ii).

The court finds that the hourly rates claimed for attorney time in this action in excess of $125 per hour are, indeed, justified by both an increase in the cost of living and special factors. *Id.* Contrary to the government's contention, the plaintiff set out in its moving papers the effect of the consumer price index (CPI) on the EAJA hourly fee rate for years 1996 through 2008, cited a source for the changes in the CPI, and set out the same rates for the CPI in an attachment based on the determination of the CPI by the Federal Reserve Bank of Minneapolis. Thus, there is no insufficiency of proof of an increased hourly rate based on an increase in the cost of living. *See, e.g., Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (discussing "proper proof" of the increased cost of living). Therefore, the court finds that the EAJA hourly rates for work in 2000 through 2008, for which plaintiff's counsel has submitted claims, ranged from $141.29 to $177.07.

The court also finds that enhancement of the cost of living adjusted rates to the claimed rates of $175 per hour and $185 per hour is appropriate, owing to "special

factors." *See* 28 U.S.C. § 2412(d)(2)(A)(ii). The one example of a "special factor" in the statute is "the limited availability of qualified attorneys for the proceedings involved." *Id*. The Supreme Court explained two decades ago that this phrase means "'qualified for the proceedings' in some specialized sense," such as "having some distinctive knowledge or specialized skill needful for the litigation in question—as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation," including, for example, "an identifiable practice specialty such as patent law, or knowledge of foreign law or language." *Pierce v. Underwood*, 487 U.S. 552, 572 (1988). Thus, again contrary to the government's position, the plaintiff's assertion that its counsel's expertise in the area of wetlands law and the lack of other lawyers in this district with the distinct knowledge that this litigation has required is precisely the kind of qualification that is pertinent. The court finds that plaintiff's counsel does, indeed, have the required specialization and distinctive knowledge warranting an enhanced hourly rate.

The government's sole remaining objection is to an award of fees for work done on the second motion and brief for injunctive relief. The government contends that such work was unnecessary, because both counsel for the USDA and this United States Attorney's Office informed counsel for the plaintiff that a second motion and brief would be unnecessary, as the USDA would continue to pay the plaintiff's federal farm program benefits as a result of the first injunction entered by the court, but the plaintiff ignored those representations, and filed for another preliminary injunction. Again, this court rejected the sufficiency of the government's assurances in its consideration of the "threat of irreparable harm" factor, when it granted B & D's request for a preliminary injunction. *See B & D Land and Livestock Co. v. Conner*, 534 F. Supp. 2d 891, 907-08 (N.D. Iowa 2008). Although the government seeks, again, to relitigate the issue, the court granted the preliminary injunction, and cannot now say that the government's assurances were so

9

unequivocal or binding on the government that no preliminary injunction was warranted, particularly in light of the credible threat of bankruptcy for the plaintiff posed by any enforcement action by the government during the pendency of this action. *Id.* Thus, the court finds that an award of fees even for the motion for preliminary injunction is appropriate.

Ultimately, the court finds that the fees and expenses claimed provide reasonable compensation for the work performed.

THEREFORE, the government's objections notwithstanding, the plaintiff's April 8, 2009, Application For Costs, Attorney Fees And Expenses, And Other Fees And Expenses (docket no. 43) is **granted**, and the plaintiff is awarded fees and expenses pursuant to 28 U.S.C. § 2412(d)(1) as follows: $57,768.59 in attorney fees; $683.00 in costs; $3,414.17 in attorney's expenses; and $13,380.43 in other fees and costs.

**IT IS SO ORDERED.**

**DATED** this 21st day of May, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA